UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

CADEME KWAME GUZMAN,

    Plaintiff,

v.

HARMONIOUS MINDS LLC,
HARMONIOUS MINDZ INC,
JONQUIL CROWOLL-FONSECA, and
MARK ANTHONY GORDON,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff CADEME KWAME GUZMAN ("Guzman") brings this action against Defendants HARMONIOUS MINDS LLC ("HMs"), HARMONIOUS MINDZ INC ("HMz"), JONQUIL CROWOLL-FONSECA ("Crowoll-Fonseca"), and MARK ANTHONY GORDON ("Gordon") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, HMs was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, HMz was a Florida corporation that regularly transacted business in Broward County, Florida.

1

5. Upon information and belief, HMs's gross sales or business generated was over $500,000 per year at all times material hereto.

6. HMs has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7. HMs was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8. Upon information and belief, HMz's gross sales or business generated was over $500,000 per year at all times material hereto.

9. HMz has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10. HMz was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. At all times material hereto, HMs was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

12. At all times material hereto, HMz was engaged in the operation of an institution primarily engaged in the care of the sick, the aged, or the mentally ill or defective who reside on the premises of such institution and was an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1)(B).

13. HMs and HMz are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

14. HMs and HMz were joint employers of Plaintiff under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

15. Crowoll-Fonseca is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of HMs, ran the day-to-day operations, had operational control over HMs, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

16. Crowoll-Fonseca is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of HMz, ran the day-to-day operations, had operational control over HMz, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

17. Gordon is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of HMs, ran the day-to-day operations, had operational control over HMs, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

18. Gordon is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of HMz, ran the day-to-day operations, had operational control over HMz, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

19.     HMs operates facilities that provide residential mental health, drug, and alcohol rehabilitation services.

20.     HMz operates facilities that provide residential mental health, drug, and alcohol rehabilitation services.

21.     Guzman worked for Defendants as a behavioral health technician.

22.     Defendants failed to pay Guzman's full and proper minimum wages.

23.     Defendants failed to pay Guzman's full and proper overtime wages.

24.     Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

25.     Attached as **Exhibit A** is a preliminary calculation of Guzman's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

26.     Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AGAINST ALL DEFENDANTS

27.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-26 above as if set forth herein in full.

28.     Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

29.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:    (786) 924-9929
Fax:    (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382